NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KIMBERLY ANN ALVAREZ, *Petitioner*.

No. 1 CA-CR 15-0363 PRPC
FILED 5-18-2017

Petition for Review from the Superior Court in Mohave County
No. CR-2012-00605
The Honorable Rick A. Williams, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Kimberly Ann Alvarez, Goodyear
*Petitioner*

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Judge Peter B. Swann and Judge Kent E. Cattani joined.

**K E S S L E R**, Judge:

**¶1**       Petitioner Kimberly Ann Alvarez petitions this court for review from the dismissal of her petition for post-conviction relief. Alvarez pled guilty to possession of dangerous drugs for sale and the superior court sentenced her to a mitigated term of seven years' imprisonment. Alvarez argues her trial counsel was ineffective when she failed to interview Alvarez's codefendant.  Alvarez argues that had counsel interviewed her codefendant, she would have learned exculpatory information that might have caused the court to impose a shorter sentence. The minimum sentence available pursuant to the plea agreement was five years' imprisonment.[1]

**¶2**       We deny relief. The superior court that dismissed Alvarez's petition for post-conviction relief was the same court that sentenced her. The court held the information in the codefendant's affidavit would have had no effect on the court's decision to impose a seven-year sentence even if known by the court prior to sentencing. To state a colorable claim of ineffective assistance of counsel, a defendant must show not only that counsel's performance fell below objectively reasonable standards, but that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Because the superior court would have imposed the same sentence even in light of the additional information, Alvarez has failed to establish counsel's failure to interview the codefendant caused her any prejudice.

**¶3**       We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]       Alvarez does not seek to withdraw from her plea but seeks only to be resentenced.